IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JOHN F. CONNOLLY,                   )
                 Plaintiff,         )     Civil Action No.
                                    )     05-11860-NG
v.                                  )
                                    )
PAUL LENNON and LINDA RUBINO,       )
                 Defendants.        )
_____)

**ANSWER OF DEFENDANT LINDA RUBINO**

**Parties:**

      1.     Upon information and belief, Defendant Linda Rubino admits that the Plaintiff is a resident of Malden, Massachusetts.

      2.     Defendant Rubino lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

      3.     Admitted.

**Jurisdiction:**

      4.     Defendant Rubino denies that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy does not exceed the sum of $75,000 and because the parties are all residents of the same state.

**Facts:**

      5.     Defendant Rubino admits that the Department of Veterans Affairs and the American Federation of Government Employees are parties to a collective bargaining agreement effective March 21, 1997, and states that said collective bargaining agreement speaks for itself.

6. Defendant Rubino lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the same.

7. Defendant Rubino admits that the Plaintiff and Officer John G. Kane filed grievances and that, at their own election, they represented themselves during the grievance process. Defendant Rubino denies the remainder of the allegations in Paragraph 7 of the Complaint.

8. Defendant Rubino lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lt. Trombley's statements and the belief the Plaintiff allegedly derived therefrom and therefore denies the same. Defendant Rubino denies the remainder of the allegations in Paragraph 8 of the Complaint.

9. Denied. By way of further explanation, 5 U.S.C. § 7114(b)(4) requires an agency to provide data to a labor organization serving as the exclusive representative of a unit of agency employees, or to the authorized representative of said labor organization. Neither the Plaintiff nor Officer Kane are authorized representatives of a labor organization serving as the exclusive representative of a unit of agency employees and thus they were not entitled to information pursuant to 5 U.S.C. § 7114(b)(4).

10. Defendant Rubino lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements made by Defendant Paul Lennon to the Plaintiff and therefore denies the same. Defendant Rubino denies the remainder of the allegations in Paragraph 10 of the Complaint.

11. Defendant Rubino lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint. By way of further explanation, 5

U.S.C. § 7114(b)(4) contains no time limit for an agency to furnish requested data to a labor organization or to its duly authorized representative.

12.     Defendant Rubino admits that that the Plaintiff and Officer Kane are dues paying members of Local 2143 of the American Federation of Government Employees. Defendant Rubino denies the remainder of the allegations in Paragraph 12 of the Complaint.

**Summary/Conclusion:**

13.     The Plaintiff's prayer for relief does not state allegations which require a response. To the extent a response is required, Defendant Rubino denies the validity of the relief sought and denies that Plaintiff is entitled to any damages or other relief.

### First Affirmative Defense:

14.     The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense:

15.     The Court has no jurisdiction over the subject matter alleged in this Complaint.

### Third Affirmative Defense

16.     The Plaintiff has not exhausted his remedies under the Collective Bargaining Agreement for the claims alleged.

### Fourth Affirmative Defense:

17.     The Plaintiff has not exhausted his administrative remedies before the Federal Labor Relations Authority for the claims alleged.

WHEREFORE, Defendant Rubino requests that the Court dismiss all claims against her, in their entirety, and award Defendant Rubino her reasonable costs and attorneys' fees incurred in the defense of Plaintiff's claim.

                                        Respectfully submitted,

                                        LINDA RUBINO,

                                        by her attorneys,


Dated:  October 13, 2005                 _s/ Alfred Gordon_____
                                        Alfred Gordon, BBO # 630456
                                        Pyle, Rome, Lichten, Ehrenberg
                                            & Liss-Riordan, P.C.
                                        18 Tremont St., Ste. 500
                                        Boston, MA  02108
                                        (617) 367-7200


## CERTIFICATE OF SERVICE

I hereby certify that, in addition to being electronically filed, a true copy of the above document was served by first class mail, postage prepaid on the attorney of record for each party on October 13, 2005.


                                        _ s/ Alfred Gordon_____
                                        Alfred Gordon